# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RUNE KRAFT,

       Plaintiff,

v.                                                                    No. 1:19-cv-00646-RB-CG

JESSE CLARK HATCH,
STANLEY N. HATCH, and
DOES 1-10,

       Defendants.

## MEMORANDUM OPINION AND ORDER IMPOSING FILING RESTRICTIONS

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Objection, Motion for Reconsideration, or for the Defendants or the Court to Take Appropriate Remedial Actions to Avoid Further Delays. (Doc. 34 ("Objection").)

After describing the procedure for imposing filing restrictions and Plaintiff's abusive filing history, the Court set forth proposed filing restrictions and ordered Plaintiff to show cause why the Court should not impose those filing restrictions. (*See* Doc. 32.)

In response to the Order to Show Cause, Plaintiff filed his Objection which sets forth the following arguments:

    (i)      Prior to filing this action, Plaintiff emailed and called Defendants, but Defendants never responded.

    (ii)     The purpose of the Declaratory Judgment Act "is great, tell people nicely to knock it off."

    (iii)    Defendants are engaging in fraud, are committing federal crimes, and owe a duty of care to non-clients.

(iv) All activities related to this matter have taken place at federal District Courts, Defendants have violated the Federal Rules of Civil Procedure, and Defendants are trying to use the Court as a conduit of theft.

(v) In the interest of the extremely scarce judicial resources of the Court, the Court can mitigate the damages in minutes, as Plaintiff only seeks to enforce contractual obligations.

(vi) Plaintiff is still prepared to allow the Defendants to mitigate the damages, which they can do in minutes, by simply withdrawing their court filings or enter a stipulation.

(vii) Plaintiff provides notice that the persons responsible for the administration of the United States District Court for the District of New Mexico, including its sitting judges, can be found by a jury to be civilly liable for damages.

(viii) Plaintiff's diligence in pursuing rights and claims is conduct consistent with the recommended conduct from the Supreme Court of the United States to protect rights.

(*See* Doc. 34.)

The Court overrules Plaintiff's Objection. Of the eight arguments Plaintiff sets forth, only the last argument is relevant to the Court's Order to Show Cause why the Court should not impose filing restrictions based on Plaintiff's abusive filing history. Plaintiff states his "diligence in pursuing rights and claims is conduct consistent with the recommended conduct from the Supreme Court to protect rights," and he cites three cases from the Supreme Court of the United States to support his argument. (*Id.* at 17.) However, those three cases state "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: (1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *See Menominee Indian Tribe of Wis. v. United States*, 136 S.Ct. 750, 755 (2016); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling of a statute of limitations is not the issue before the Court. The issue before the Court is Plaintiff's abusive filing history, which shows that Plaintiff has often violated Court orders and instructions by continuing to file documents when the case was stayed, when Plaintiff was no longer a party, and after an issue was resolved by the Court. The Court notified Plaintiff that there is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances. (Doc. 32 at 10.) Plaintiff has not disputed the Court's inherent power to impose sanctions, has not shown that his repeated violations of Court orders and instructions are justified, and has not shown that filing restrictions should not be imposed.

To the extent that Plaintiff's Objection is a "Motion for Reconsideration, or for the Defendants or the Court to take Appropriate Remedial Actions to Avoid Further Delays," the Court denies the Motion. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice"). *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiff does not assert there has been an intervening change in the controlling law or that there is new evidence previously unavailable. Nor has he shown that there is a need to correct clear error or prevent manifest injustice. The "appropriate remedial actions" Plaintiff requests are "enforce[ment] of contractual obligations" and Defendants "withdrawing their court filings or enter a stipulation." Granting such relief would require that this Court revisit its decisions in the four related cases in this District and the decision in the initial case in the United States District

Court for the Central District of California. The Court will not revisit the decisions in those cases because Plaintiff has not shown the existence of extraordinary circumstances. *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988) ("A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice").

The Court imposes the following filing restrictions on Plaintiff:

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to return without filing any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis*, unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

Plaintiff also will be enjoined from initiating further litigation in this Court, and the Clerk will be directed to return without filing any initial pleading that he submits, unless a licensed attorney who is admitted to practice before this Court signs the pleading.

**IT IS SO ORDERED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE