## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RUNE KRAFT,

       Plaintiff,

v.                                                            No. 1:19-cv-00646-RB-CG

JESSE CLARK HATCH,
STANLEY N. HATCH, and
DOES 1-10,

       Defendants.

## **MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS**

**THIS MATTER** comes before the Court on Plaintiff's Objections to Memorandum Opinion and Order Imposing Filing Restrictions. (Doc. 36.)

**Background**

The United States District Court for the Central District of California entered a judgment and an attorney fees award against Plaintiff to Inland Concrete Enterprises, Inc. Employee Stock Ownership Plan (Inland). Inland assigned its interest in the judgment and attorney fees to Oldcastle Precast, Inc. (Oldcastle). Defendants, representing Oldcastle, initiated a garnishment action in this Court. Plaintiff subsequently initiated this case against Defendants, which the Court dismissed on March 25, 2020. (*See* Doc. 32 at 1–7 (describing the California case and the four related cases in this Court).)

After describing the procedure for imposing filing restrictions and Plaintiff's abusive filing history, the Court set forth proposed filing restrictions and ordered Plaintiff to show cause why the Court should not impose those filing restrictions. (*See id.*) In response to the order to show cause, Plaintiff set forth eight objections. (*See* Doc. 34.)

The Court overruled all of Plaintiff's objections, noting that only one objection was relevant to the Court's order to show cause why the Court should not impose filing restrictions based on Plaintiff's abusive filing history. (*See* Doc. 35.) On April 14, 2020, the Court imposed filing restrictions on Plaintiff restricting him from filing any documents in this case except for objections to the order imposing restrictions, a notice of appeal, and a motion for leave to appeal *in forma pauperis*. (*See id.*)

In his Objections to the Court's Order imposing filing restrictions, Plaintiff set forth seven objections that are now before the Court. (*See* Doc. 36.) The Court overrules all seven objections because, as discussed below, they do not, with the exception of Objection 2, address how the Court erred in imposing filing restrictions. Instead, many of the objections reargue issues that the Court has already considered. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) ("A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice").

**Objection 1**

"This is an Article III court and the use of this court to resolve controversies that have been and are causing injury is a Constitutional right. It is not a government privilege." (Doc. 36 at 2.)

The Court overrules Objection 1 because it does not show that the Court erred in imposing filing restrictions on Plaintiff. Furthermore, Plaintiff has previously argued, and the Court has previously ruled on, the issue of whether the Court has jurisdiction over this matter. (*See* Doc. 32 (granting Defendants' motion to dismiss for lack of subject-matter jurisdiction).)

**Objection 2**

"The use of this court by Kraft does not require him to be a member of the State Bar of New Mexico or to hire a member of the State Bar of New Mexico to represent him." (Doc. 36 at 2.)

The Court overrules Objection 2. Before imposing filing restrictions, the Court entered its Order to show cause, which: (i) described the Court's power to regulate the activities of abusive litigants by imposing restrictions, even onerous conditions; and (ii) described Plaintiff's abusive history. (*See* Doc. 32 at 10–12 (quoting *Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013) (discussing the Court's power to impose filing restrictions and the procedure for imposing filing restrictions)).)

Plaintiff does not dispute the Court's power to impose restrictions. Instead, he makes the conclusory statement that "Kraft has not engaged in abusive behavior," has been "diligen[t] in pursuing rights and claims," and "is acting prudently." (Doc. 36 at 5–6.) Plaintiff does not address individually the various examples of abusive behavior the Court described in its Order to Show Cause. (*See* Doc. 32 at 10–12 (describing abusive history).)

**Objection 3**

Plaintiff states he has only filed two cases in this Court, No. 1:18-cv00302-JAP-KK and this case. (Doc. 36 at 2.) Plaintiff asserts that after the first case was dismissed, Plaintiff "did further research and due diligence which led him to make both a number of changes to the complaint and change his approach . . . . The second complaint has thus been enhanced and particularized." (*Id.* at 2.)

The Court overrules Objection 3 because it does not show that the Court erred in imposing filing restrictions on Plaintiff. Furthermore, despite the Complaint in this case being "enhanced

and particularized," Plaintiff previously argued, and the Court ruled on, the issue of whether the case should be dismissed. (*See* Doc. 32 (granting Defendants' motion to dismiss for lack of subject-matter jurisdiction).)

**Objection 4**

Plaintiff asserts that Defendants "have not taken required procedural steps for Oldcastle Precast, Inc. to become a party litigant" and "are engaging in fraud." (Doc. 36 at 2.)

The Court overrules Objection 4 because it does not show that the Court erred in imposing filing restrictions on Plaintiff. Plaintiff has previously argued, and the Court ruled on, the issue of Oldcastle Precast, Inc. being a party-litigant and fraud. (*See* Doc. 32 at 6–7.)

**Objection 5**

"Kraft's motion for reconsideration brought to the court's attention a series of particular issues that collapses the court's current stance of claiming that it does not have subject matter jurisdiction." (Doc. 36 at 3, 8–9.)

The Court overrules Objection 5 because it does not show that the Court erred in imposing filing restrictions on Plaintiff. Plaintiff has previously argued, and the Court ruled on, the issues that Plaintiff raised in his motion for reconsideration of subject-matter jurisdiction. (*See* Doc. 35 (denying motion for reconsideration).)

**Objection 6**

"The entire premise of the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202 is to declare rights and other legal relations of any interested party seeking such declaration which necessarily requires this court to look at and review specific acts and practices . . . which Kraft particularized in his seven causes of action . . . and this court could resolve in minutes." (Doc. 36 at 3.)

The Court overrules Objection 6 because it does not show that the Court erred in imposing filing restrictions on Plaintiff. Plaintiff has previously argued, and the Court ruled on, the issues raised by Plaintiff's seven causes of action. (*See* Doc. 32 at 48.)

**Objection 7**

"Related to the judicial resources of the State of New Mexico, instead of this court taking minutes to give the Defendants an opportunity to provide this court with a few specific items detailed in Kraft's motion for summary judgement, hundreds and hundreds of hours will have to be spent in years and years of litigation of . . . an appeal . . . [and new complaints that Plaintiff will file asserting RICO, breach of contract and tortious interference with contract claims]." (Doc. 36 at 3.)

The Court overrules Objection 7 because it does not show that the Court erred in imposing filing restrictions on Plaintiff.

**IT IS ORDERED** that Plaintiff's Objections to Memorandum Opinion and Order Imposing Filing Restrictions (Doc. 36) are **OVERRULED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE